UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THOMAS SANCHEZ, JR. and § | |
| DANIEL CRISP, § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 05:20-CV-00699-OLG |
| § | |
| GREAT AMERICAN INSURANCE § | JURY DEMAND |
| COMPANY and TEXAS MUTUAL § | |
| INSURANCE COMPANY § | |
| *Defendants*. § | |

**DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S
RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO
STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED**

TO THE HONORABLE UNTED STATES DISTRICT COURT JUDGE:

COMES NOW, Defendant, Great American Insurance Company ("Great American" or "GAIC"), files this Motion to Dismiss Plaintiffs' Complaint for failure to state claims upon which relief can be granted and, in support thereof, respectfully shows the Court as follows:

**I.
PROCEDURAL HISTORY**

This is Plaintiffs' second time to file this meritless lawsuit. On or about May 9, 2017, Plaintiffs demanded that Great American tender the available limits of the UM/UIM Endorsement for injuries allegedly sustained in an automobile accident that occurred in Bexar County, Texas on or about May 17, 2016. Great American reviewed Plaintiffs' claims and requested that Plaintiffs comply with the terms of the policy by first tendering copies of their medical records to their workers' compensation insurance carrier – Texas Mutual Insurance Company ("Texas Mutual"). Great American further requested that Plaintiffs provide Great American with a copy of the rejection if Texas Mutual denied their claim for reimbursement

1

coverage. *At no point did Great American deny coverage to Plaintiffs, nor did Great American state any circumstances under which it would deny coverage to Plaintiffs.*

Despite Great American's request, Plaintiffs never provided Great American with any information regarding what decision – if any – Texas Mutual made with respect to their claims. Plaintiffs also did not provide Great American with an explanation of why Texas Mutual made its coverage decision, if any. Instead, Plaintiffs chose to file suit against Great American on June 26, 2018 in the 224th District Court for Bexar County, Texas. *See* Exhibit 1 – Plaintiffs' Original Petition, *Sanchez, et al. v. Great American Insurance Company*, Cause No. 2018-CI-11759, formerly pending in the 224th Judicial District for Bexar County, Texas. Plaintiffs' stated basis for their claims was Great American's alleged denial of UM/UIM coverage to Plaintiffs. *Id.*

Great American answered the lawsuit, and subsequently removed the case to the United States District Court for the Western District of Texas. *See* Exhibit 2 – Great American's Notice of Removal, *Sanchez, et al. v. Great American Insurance Company*, Cause No. 2018-CI-11759, formerly pending in the 224th Judicial District for Bexar County, Texas; Exhibit 3 – Great American's Notice of Removal, *Sanchez, et al. v. Great American Insurance Company*, Case No. 5:18-CV-804-XR, formerly pending in the United States District Court for the Western District of Texas – San Antonio Division (Rodriguez, J.).

During the course of this litigation, after Great American first moved for summary judgment on Plaintiffs' claims, Plaintiffs voluntarily dismissed the following claims on March 19, 2019 to avoid an adverse judgment: (1) misrepresentation under the Texas DTPA, (2) breach of contract, (3) negligent breach of contract, (4) negligence, (5) negligent infliction of emotional distress, (6) intentional infliction of emotional distress, (7) unconscionable action, and (8) breach of the duty of good faith and fair dealing. *See* Exhibit 4 – Letter Agreement (Dkt. 28), Case No.

5:18-CV-804-XR, *Sanchez, et al. v. Great American Ins. Co.*, formerly pending in the United States District Court for the Western District of Texas – San Antonio Division.

Subsequently, Great American moved for summary judgment on Plaintiffs' claim for declaratory relief. *See* Exhibit 5, *Great American's Motion for Summary Judgment* (Dkt. 44), Case No. 5:18-CV-804-XR, *Sanchez, et al. v. Great American Ins. Co.*, formerly pending in the United States District Court for the Western District of Texas – San Antonio Division. The Court granted Great American's Motion for Summary Judgment and dispensed with Plaintiffs' claim, finding as a matter of law that the plain language of the Policy excluded UM/UIM coverage for Plaintiffs. *See* Exhibit 6, Order Granting Great American's Motion for Summary Judgment (Dkt. 55), Case No. 5:18-CV-804-XR, *Sanchez, et al. v. Great American Ins. Co.*, formerly pending in the United States District Court for the Western District of Texas – San Antonio Division.

Despite clear direction from the Court, Plaintiffs filed the instant lawsuit – a virtually identical lawsuit – against Great American less than one month later. *See* Exhibit 7, Plaintiffs' Original Petition, *Sanchez, et al. v. Great American Ins. Co., et al.*, Cause No. 20220-CI-08840, formerly pending in the 225th District Court for Bexar County, Texas. Specifically, Plaintiffs once again allege numerous common law and statutory claims against Great American, allege that Great American breached its contract by failing and/or refusing to pay UM/UIM benefits for the same May 17, 2016 accident, and allege entitlement to a re-determination of their eligibility to recover UM/UIM benefits for the same incident. *Id*. However, Plaintiffs did not plead, or provide to Great American, any new information to change the factual or legal posture of this lawsuit. *Id.* All Plaintiffs did was attempt to add another defendant, Texas Mutual. Furthermore, Plaintiffs have not alleged any cause of action against Texas Mutual[1]; rather, Plaintiffs merely

---

[1] Plaintiffs' pleadings are unclear. Plaintiffs' introductory section states that Plaintiffs will seek a determination as to the validity of Texas Mutual's workers compensation lien. *See* Exhibit 7 at p.2-3. However, Plaintiffs' pleading

3

seek an evidentiary determination of what medical expenses, if any, were paid by Texas Mutual, whether Great American owes coverage for any of the medical expenses allegedly submitted to Texas Mutual, and whether Texas Mutual's lien precludes recovery of UM/UIM benefits.[2]

Plaintiffs served Great American on or about June 1, 2020. Because Plaintiffs failed to effectuate proper service on Texas Mutual, and because Plaintiffs fail to assert any clear cause of action against Texas Mutual, Great American properly removed this case to the United States District Court for the Western District of Texas – San Antonio Division on June 12, 2020. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, Case No. 18-31184, 2020 WL 1682777 (5th Cir. Apr. 7, 2020) (affirming that 28 U.S.C. § 1441(b)(2) allows an out-of-state defendant to remove a case to federal court when the forum defendant has not yet been properly served); *In re 1994 Exxon Chem. Fire*, 588 F.3d 378, 392-93 (5th Cir. 2009) (holding that the forum-defendant rule is procedural rule and not jurisdictional); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is

---

never asserts such a claim. Furthermore, Plaintiffs do not allege that Texas Mutual wrongfully denied or refused to pay their medical bills allegedly incurred in connection with the subject automobile accident. Rather, Plaintiffs only "claim" against Texas Mutual comes on Page 9, wherein Plaintiffs allege, in relevant part, as follows:

> DECLARATORY JUDGMENT CAUSE OF ACTION FOR UIM BENEFITS.
>
> …Plaintiffs now seek a declaratory judgment pursuant to CPRC chapter 37 that Plaintiff is entitled to recover from Defendant GAIC damages resulting from the motor vehicle collision with the third-party driver, that those damages call within the UIM coverage afforded Plaintiff under the automobile insurance policy Defendant GAIC was paid for, and what of Plaintiffs' medical expenses were paid or payable by workers compensation carrier Texas Mutual Insurance Company.

*See* Exhibit 7 at p.9. Furthermore, Plaintiffs do not seek to recover any damages from Texas Mutual. *Id*. at p.9-10.

In other words, Plaintiffs only "claim" against Texas Mutual is a request for information (i.e. "what medical expenses were paid or payable") so that its claim against Great American can proceed. This is an evidentiary issue, not a cause of action for equitable relief. Therefore, Plaintiffs assert no discernible claim against Texas Mutual.

[2] The Court has already decided these issues. *See* Exhibit 6. Furthermore, under these circumstances, the Fifth Circuit recognizes the propriety of the Court dismissing claims *sua sponte* on the grounds of either *res judicata* or collateral estoppel. *See Boone v. Kurtz*, 617 F.2d 435 (5th Cir. 1980) (dismissing a virtually identical second lawsuit in the same court when the only difference was the addition of a second defendant).

removable under Section 1441(a) so long as a district court can assume jurisdiction over the action"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3rd Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (finding that non-diverse defendants were improperly joined if plaintiff is unable to establish claim against the non-diverse party in state court).

After removing the case to the United State District Court for the Western District of Texas, Great American filed this Motion to Dismiss Plaintiffs' Claims for Failure to State Claims Upon Which Relief May Be Granted on June 15, 2020. Fed. R. Civ. P. 12(b)(6).

## II.
## ARGUMENTS AND AUTHORITIES

To survive a Rule 12(B)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n. 5 (2007). Those facts must "raise a right to relief above the speculative level," meaning that a complaint fails to state facts upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 560. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See*, *e.g.*, *Crain v. Credit Protection Ass'n*, No.3:09-CV-2353-D, 2010 WL 2976127, *2 (N.D. Tex. June 30, 2010).

Regardless of whether the Court chooses to act *sua sponte* and dismiss Plaintiffs' declaratory judgment claims on the basis of *res judicata* or collateral estoppel, the Court ought to dismiss the remainder of Plaintiffs' causes of action due to Plaintiffs' failure to allege claims upon which relief may be granted. As established below, many of Plaintiffs' alleged claims are barred by the statute of limitations. Additionally, Texas law does not allow Plaintiffs to assert

breach of contract or extracontractual claims against Great American in this type of case until after there is a judicial determination that Plaintiffs are legally entitled to recover UM/UIM damages. Third, Texas law does not recognize several of Plaintiffs' claims as viable causes of action or otherwise allow Plaintiffs to recover under the theories of liability alleged. Therefore, in light of the fact Texas law precludes Plaintiffs from recovering under nearly all causes of action alleged against Great American, the Court should grant Great American's Motion and dismiss Plaintiffs' claims for failure allege claims under which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### A. Alleged DTPA, Texas Insurance Code, and Tort Claims Should Be Dismissed Due to the Expiration of the Appropriate Statute of Limitations.

A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling. *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014). Furthermore, under Texas law, when a cause of action is dismissed and later refiled, limitations are calculated to run from the time the cause of action accrued until the date that the claim is re-filed. *Clary Corp. v. Smith*, 949 S.W.2d 452, 459 (Tex. App.—Fort Worth 1997, writ denied) (citing, among others, *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). Because a dismissal is equivalent to a suit never having been filed, the statute of limitations is not tolled for any newly filed pleading. *Id*. Therefore, the fact that Plaintiffs previously asserted these claims in their first lawsuit against Great American is irrelevant to analysis of whether Plaintiffs current claims entitle them to relief.

Plaintiffs bring multiple tort claims against Great American arising out of an automobile accident during which Plaintiffs allegedly sustained personal injuries, including negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.

6

Plaintiffs also assert numerous DTPA/Texas Insurance Code claims against Great American arising out of its alleged denial and/or refusal to pay UM/UIM benefits, including misrepresentation, "unconscionable action," and breach of the duty of good faith and fair dealing. Under Texas law, the statute of limitations for all these claims is two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); Tex. Bus. & Comm. Code § 17.565 (both providing for a two-year statute of limitations). Limitations period begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the cause of action." *Burrell*, 883 F.2d at 418 (5th Cir. 1989).

Plaintiffs filed their Original Petition on May 14, 2020. To survive the motion to dismiss, Plaintiff must have pleaded facts sufficient to suggest that the actions giving rise to their claims for liability did not occur prior to May 14, 2018. However, by Plaintiffs' own admission, the accident giving rise to Plaintiffs' claims for personal injuries occurred on May 17, 2016. *See* Exhibit 7 at p.4. Additionally, Great American's alleged denial/refusal to pay policy benefits occurred at some point in time shortly after May 9, 2017. *Id.* at p.6. Even if the Court construes all facts in favor of Plaintiffs (i.e. the alleged denial or refusal occurred as late as December 2017), all alleged conduct occurred outside the limitations window. As such, Plaintiffs are not entitled to relief on these claims because the deadline to file them has passed. Therefore, all of Plaintiff's tort and statutory claims ought to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**B.     Texas Law Does Not Allow Plaintiff to Recover for Alleged Breach of Contract, Misrepresentation, Unconscionable Action, or Bad Faith.**

Plaintiffs allege that Great American's alleged refusal to provide UM/UIM benefits constitutes a breach of contract and/or violations of the Texas DTPA and Insurance Code. However, contractual liability for UM/UIM benefits may only be established after Plaintiffs

7

prove that they are "legally entitled" to recover from the insurance carrier because the alleged tortfeasor is uninsured/underinsured <u>and</u> the carrier *then* refuses to pay benefits. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). This is because the UM/UIM contract conditions recovery of benefits on the insured's legal entitlement to receive damages from a third-party. Unlike most first-party insurance contracts, UM/UIM insurance utilizes tort law to determine coverage. This is unique because, while an insured may obtain settlement with a tortfeasor, a jury could find no fault or award damages that do not exceed the alleged tortfeasor's liability insurance. Therefore, until a jury determines liability and/or damages, Plaintiffs have no legal basis under Texas law to recover UM/UIM benefits from Great American. In lieu of a ripe claim for breach of contract, Plaintiffs cannot pursue extra-contractual claims against Great American under Texas law. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).

Plaintiffs' Original Petition states that Plaintiffs settled with the alleged tortfeasor. However, Plaintiffs fail to allege that there has been a final judicial determination regarding the alleged tortfeasor's liability, or that there has been a final judicial determination regarding the amount of damages Plaintiffs allegedly suffered because of the accident. Until such final judicial determinations occur, Plaintiffs are not legally entitled to pursue breach of contract claims against Great American. *Brainard.*, 216 S.W.3d at 818. Furthermore, in lieu of any ripe breach of contract claims, Plaintiffs cannot pursue extra-contractual claims against Great American for alleged DTPA or Insurance Code violations. *Stoker*, 903 S.W.2d at 341. Therefore, the Court should dismiss Plaintiffs' contractual and extra-contractual claims against Great American because Plaintiffs fail to allege facts that entitle them to recover damages.

### C. Texas Law Does Not Allow Plaintiff to Recover Damages for Alleged Intentional Infliction of Emotional Distress.

Under Texas law, intentional infliction of emotional distress is a "gap-filler tort" never intended to supplant or duplicate existing statutory or common-law remedies. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). Where the gravamen of a plaintiff's complaint is really another tort/contractual claim, intentional infliction of emotional distress should not be available. *Hoffman-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

In this case, the gravamen of Plaintiffs' complaint is a breach of contract claim: in other words, Plaintiffs allege entitlement to recover certain insurance policy benefits, and that Great American allegedly has denied/refused to provide them those policy benefits. Under these circumstances, one cannot recover mental anguish damages under Texas law for breach of contract. *See Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 72 (Tex. 1997). In other words, Plaintiffs cannot assert a claim for intentional infliction of emotional distress to circumvent the unavailability of mental anguish damages under Texas law. Therefore, Plaintiffs cannot recover damages from Great American under this theory of recovery. Therefore, the Court should grant Great American's Motion with respect to Plaintiffs' claims for intentional infliction of emotional distress. Fed. R. Civ. P. 12(b)(6).

### D. Texas Law Does Not Allow Plaintiff to Recover for Alleged Negligent Infliction of Emotional Distress.

Unlike some jurisdictions, Texas does not recognize a general duty for an individual or entity not to negligently inflict emotional distress. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993). As such, there is no independent cause of action for negligent infliction of emotional distress under Texas law. *Id.* Therefore, Plaintiff cannot recover damages arising out of alleged negligent infliction of emotional distress. Accordingly, the Court ought to dismiss Plaintiffs'

claim for negligent infliction of emotional distress. Fed. R. Civ. P. 12(b)(6).

    **E.    Texas Law Does Not Allow Plaintiff to Recover for Alleged Negligent Breach of Contract.**

Under Texas law, there is no cause of action for "negligent breach of contract." Indeed, Texas does not attach any tort-adjacent concepts to the elements of a breach of contract claim. *See*, *e.g.*, *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio, pet. denied) (holding that the elements of a breach of contract claim under Texas law are (1) the existence of a valid contract; (2) plaintiff performed or tendered performance; (3) defendant breached the contract; and (4) plaintiff was damaged as a result of the breach.) Furthermore, under Texas law, there is no independent tort duty imposed on an insurance carrier: any common law tort duties stem from contractual obligations owed to the insured. Because Texas does not recognize a claim for "negligent breach of contract," Plaintiffs cannot recover damages under such theory of recovery. Therefore, the Court ought to grant Great American's Motion with respect to Plaintiffs' claim for "negligent breach of contract." Fed. R. Civ. P. 12(b)(6).

## III.
## CONCLUSION

Plaintiff's Complaint fails to state claims against Defendant Great American Insurance Company upon which relief can be granted. For all the reasons discussed above, Plaintiff's claims against Defendants should be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant GREAT AMERICAN INSURANCE COMPANY requests that Plaintiff's claims be dismissed with prejudice, and that Great American be awarded its costs and attorney's fees, together with other and further relief as may be deemed appropriate.

        Respectfully Submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

        By: */s/ Christopher W. Martin*
            Christopher W. Martin
            State Bar No. 13057620
            Federal I.D. No. 13535
            martin@mdjwlaw.com
        808 Travis Street, Suite 1100
        Houston, Texas 77002
        Telephone:  (713) 632-1700
        Facsimile:   (713) 222-0101
        **ATTORNEY-IN-CHARGE FOR DEFENDANT**
        **GREAT AMERICAN INSURANCE COMPANY**

**OF COUNSEL:**
William Edward McMichael
State Bar No. 24107860
Federal ID No. 3256108
mcmichael@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

-and-

Austin M. Hagee
State Bar No. 24096152
Federal ID No. 24096152
hagee@mdjwlaw.com
1100 Northwest Loop, Suite #738
San Antonio, Texas 78213
Telephone: (210) 366-8878
Facsimile: (210) 366-0198

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Fed. R. Civ. P. 5, on June 15, 2020 to:

| | |
|---|---|
| Jerry V. Hernandez | **Via Email:** *JerryH@davislaw.com* |
| Jason Linnstaedter | *JasonL@davislaw.com* |
| THE DAVIS LAW FIRM | |
| 10500 Heritage Blvd. #102 | |
| San Antonio, Texas 78216 | |

                                          */s/ Christopher W. Martin*
                                            Christopher W. Martin