IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THOMAS SANCHEZ JR., DANIEL CRISP, § § § *Plaintiffs*, § § vs. § § GREAT AMERICAN INSURANCE § COMPANY,  TEXAS MUTUAL § INSURANCE COMPANY, § § *Defendants*. § | 5-20-CV-00699-OLG-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns (1) the Motion to Remand filed by Plaintiffs Thomas Sanchez Jr. and Daniel Crisp, Dkt. No. 10, and (2) the Motion to Dismiss filed by Defendant Great American Insurance Company, Dkt. No. 9. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 12. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, Plaintiffs' Motion to Remand, Dkt. No. 10, should be **GRANTED** and this case should be **REMANDED** to the 225th District Court, Bexar County, Texas. Assuming the District Court adopts this Recommendation, Great American's Motion to Dismiss, Dkt. No. 9, should be **DISMISSED AS MOOT**.

**Factual and Procedural Background**

This is the second action brought by Plaintiffs Thomas Sanchez Jr. and Daniel Crisp against their employer's insurer Defendant Great American Insurance Company asserting claims

1

arising out of an automobile accident with an underinsured motorist on May 17, 2016. At the time of the accident, Plaintiffs were traveling in an automobile insured under a policy issued to Plaintiffs' employer that included uninsured/underinsured motorist (UM/UIM) coverage. *See Sanchez v. Great Am. Ins. Co.*, No. 5-18-cv-804-XR (W.D. Tex. removed Aug. 3, 2018), Dkt. No. 55.

After settling their claims with the alleged tortfeasor for the limits of his automobile insurance policy, Plaintiffs filed claims for UM/UIM coverage with Great American. *See id*. Because two provisions of the policy limit Great American's coverage when the insured also receives workers' compensation reimbursement, Great American requested that Plaintiffs provide documentation from Plaintiffs' workers' compensation carrier Defendant Texas Mutual Insurance Company concerning its coverage decision and payments. *See id.* According to Great American, Plaintiffs never provided it with the requested information and so Great American never made a UM/UIM coverage decision. *See id.*

Nevertheless, on June 26, 2018, Plaintiffs filed suit against Great American, asserting claims for: (1) violation of the Texas Deceptive Trade Practices Act; (2) breach of contract; (3) negligent breach of contract; and (4) negligence "including but not limited to negligent infliction of emotional distress" based on Great American's alleged denial of UM/UIM benefits. The case was timely removed on the basis of diversity jurisdiction. *See id*., Dkt. No. 1. Almost one year into the litigation, Plaintiffs agreed to dismiss their contractual and extra-contractual claims against Great American and to re-plead those claims as a declaratory judgment action. *Id.* at Dkt. No. 28. Accordingly, Plaintiffs' Amended Complaint sought only "a declaration of the rights of the parties to the policy of insurance, pursuant to Sec. 37.001, *et seq*., Texas Civil Prac[.] & Rem. Code, and otherwise s[ought] the benefits due to them under the policy of

insurance." *Id.*, Dkt. No. 30. Shortly thereafter, the Court, on Great American's request, abated the action for a 60-day period so that Plaintiffs could obtain a final determination from Texas Mutual regarding the extent to which their medical expenses had been or might be paid. *See id.*, Dkt. No. 43.

After the expiration of the 60-day period, Great American moved for summary judgment arguing that it has no obligation to pay Plaintiffs' UM/UIM benefits because, pursuant to the policy, it must first receive proof that there is no coverage available under Texas Mutual's workers' compensation policy. *See id.*, Dkt. No. 55 (citing Dkt. No. 44). According to Great American, despite the abatement, Plaintiffs never submitted proof that Texas Mutual denied or rejected coverage and, accordingly, have failed to meet the necessary condition precedent to filing suit. *See Id.* Great American argued (and still argues) that it has never denied coverage under the UM/UIM endorsement but is instead merely waiting on Plaintiffs to provide it with information concerning Texas Mutual's coverage decisions and payments. *See id.* The District Court agreed with Great American. Great American met its burden of proving the applicability of the exclusion limiting insurance payments where payments are also made or are payable by a workers' compensation insurance carrier, and Plaintiffs in turn, failed to meet their burden of proving the inapplicability of that exclusion *i.e.*, by producing evidence that there is no coverage available under Texas Mutual's compensation policy. *See id.* Accordingly, on April 29, 2020, the Court dismissed the case without prejudice. *See id.* The summary judgment order, however, makes clear that Plaintiffs weren't precluded from recovering against Great American. Instead, the Court reasoned, Plaintiffs "have not shown that they are entitled to any benefits *at this time*." *Id.* (emphasis added).

Less than one month later, on May 14, Plaintiffs filed the instant action, which is virtually identical to the previously filed action, except that they have now joined Texas Mutual as a Defendant. *See Sanchez v. Great Am. Ins. Co.*, No. 5-20-cv-699-OLG-RBF (removed Jun. 12, 2020). Plaintiffs again raise the same previously dismissed contractual and extracontractual claims against Great American based on Great American's alleged denial of UM/UIM benefits for damages Plaintiffs allegedly sustained as a result of the May 17, 2016 accident, although they now appear to raise at least some of these claims against Texas Mutual as well. *See* Orig. Pet. (Dkt. No. 1-4 at 1-13). As with their Amended Complaint, Plaintiffs seek a declaratory judgment that they are entitled to recover UM/UIM benefits from Great American based on Great American's alleged denial of coverage. *See id.* With respect to Texas Mutual specifically, Plaintiffs also request a declaratory judgment regarding "what of Plaintiffs' medical expenses were paid or payable by workers compensation carrier **TEXAS MUTUAL INSURANCE COMPANY**." *Id.* (emphasis in original). Finally, although not specifically pled as a separate cause of action, Plaintiffs seek a declaration regarding whether Texas Mutual Company is "entitled to a lien or subrogation to past medical expenses already paid." *Id.*

Great American timely removed this action on June 12, 2020, citing diversity of citizenship. *See* Dkt. No. 1. Shortly after the case's removal Great American moved to dismiss the case for failure to state a claim on which relief may be granted. *See* Dkt. No. 9. On July 14—32 days after Great American's removal—Plaintiffs moved to remand this case for lack of subject matter jurisdiction. *See* Dkt. No. 10. There's no dispute the amount in controversy for diversity jurisdiction is satisfied here. Plaintiffs' Original Petition seeks over $1 million in damages. *See* Orig. Pet. at 5. But there is a dispute concerning diversity of citizenship. Plaintiffs

and Texas Mutual are Texas citizens. Accordingly, at issue here is whether Texas Mutual was properly joined.

## Analysis

Great American contends that Texas Mutual's joinder is improper because it is clear from the face of Plaintiffs' Original Petition that Plaintiffs assert "no recognized cause of action against Texas Mutual." Dkt. No. 1 ¶ 7. Specifically, Great American argues that Plaintiffs don't allege any facts to suggest the existence of a controversy between themselves and Texas Mutual nor do Plaintiffs attempt to seek a declaration of any rights or obligations vis-à-vis Texas Mutual. Dkt. No. 11 at 4. Moreover, according to Great American, "there is nothing to suggest that Plaintiffs' unwritten dispute with Texas Mutual arises from a common question of law or fact as their dispute with Great American." *Id.* (citing Fed. R. Civ. P. 20).

Although Plaintiffs' Original Petition isn't a model of clarity (indeed it's not entirely clear from the face of the Petition who Texas Mutual is and why it is relevant to this UM/UIM dispute and Plaintiffs' Motion to Remand is similarly confusing), a review of the Petition in the context of the previous action reveals that Great American has failed to meet its heavy burden of proving improper joinder. Because Texas Mutual's Motion to Remand raises a defect in subject matter jurisdiction, the timeliness of its filing is irrelevant. Accordingly, Texas Mutual's citizenship is properly considered and Plaintiffs' Motion to Remand should be granted.

*Diversity Jurisdiction and Improper Joinder*. Removal from state to federal court in these circumstances requires the diverse defendant (here, Great American) to demonstrate that all prerequisites to 28 U.S.C. § 1332 diversity jurisdiction are satisfied. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Relevant here is the requirement for complete diversity, which demands "that all persons on one side of the controversy be citizens of different

states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. § 1332.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). A non-diverse defendant like Texas Mutual will not destroy complete diversity when improperly joined to defeat diversity jurisdiction. *Smallwood*, 385 F.3d at 572. As the removing party, the "heavy" burden of proving improper joinder rests with Great American. *Id.*

The "inability of the plaintiff to establish a cause of action against the non-diverse party in state court" can provide grounds for a finding of improper joinder. *Smallwood*, 385 F.3d at 573 (quotation omitted). To prevail on such a basis here, Great American must show "there is no possibility of recovery" by Plaintiffs against Texas Mutual. *Id.* Stated differently, Great American must show "there is no reasonable basis for the district court to predict that [Plaintiffs] might be able to recover against [the] in-state defendant [Texas Mutual]." *Id.* This inquiry typically involves a Rule 12(b)(6)-type analysis to determine whether a claim is stated under state law against the non-diverse/in-state defendant (*i.e.*, Texas Mutual). *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

In undertaking the improper-joinder analysis, federal courts apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). This determination must be based on an analysis of the causes of action alleged in the live complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). In other words, the Court will examine whether Plaintiffs' Original Petition asserts "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 554, 570 (2007)). In this context, courts "do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997).

A review of Plaintiffs' Original Petition reveals that their breach of contract and extracontractual claims against Texas Mutual fail. According to the Petition, all of the alleged wrongful acts and omissions giving rise to these claims were committed by Great American.[1] But "§ 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against [Texas Mutual] . . . (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Here, Plaintiffs have stated, albeit somewhat vaguely, at least one sufficiently viable cause of action against Texas Mutual.

Plaintiffs request a declaratory judgment regarding which of their medical expenses arising out of the May 17, 2016 accident are payable by Texas Mutual and whether Texas Mutual is entitled to a subrogation lien with respect to past medical expenses already paid. *See* Orig. Pet. at 2 & 9. Although Plaintiffs' Original Petition confusingly includes this claim under the heading "Declaratory Judgment Cause of Action for UIM Benefits," this case is somewhat unusual in that Great American's Response to Plaintiffs' Motion to Remand directs the Court to various undisputed facts set forth in the previously filed action as well as the District Court's

---

[1] It's also unclear why—considering Plaintiffs' previous concession that a suit to recover UM/UIM benefits is more properly brought as a declaratory judgment action— Plaintiffs choose to renew these claims against Great American. *See Sanchez v. Great Am. Ins. Co.*, No. 5-18-cv-804-XR (W.D. Tex. removed Aug. 3, 2018), Dkt. No. 28 ("Plaintiffs also agree to re-plead their claims against Great American Insurance Company in accordance with Texas law regarding UM/UIM benefits, including but not limited to, *Brainard v. Trinity Universal Insurance Company*, 216 S.W. 3d 609 (Tex. 2006).").

summary judgment findings. Thus, although the Court must look to Plaintiffs' Original Petition to determine whether they can possibly recover against Texas Mutual, prior court filings, of which the Court may take judicial notice (and indeed must, in light of Great American's request)[2], provide context for this dispute. Those filings make clear that there is presently a dispute regarding the amount of workers' compensation benefits owed by Texas Mutual and whether Texas Mutual is entitled to a lien on future benefits paid. Indeed, the District Court's summary judgment order and Great American's summary judgment reply in the prior action highlights this dispute.[3] Moreover, Great American's response to Plaintiffs' Motion to Remand even refers to this as an "unwritten dispute with Texas Mutual."[4] Accordingly, although Plaintiffs' Original Petition approaches the very edge of acceptable pleadings under federal standards, Plaintiffs' request for a declaratory judgment with respect to Texas Mutual's payment obligations and validity of its secured liens is a justiciable controversy for purposes of the Texas Declaratory Judgment Act. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

In its Motion to Dismiss, Great American accuses Plaintiffs of joining Texas Mutual solely to obtain information so that their claim against Great American can proceed. *See* Dkt. No. 9 at 4 n. 1. Ultimately, however, Great American hasn't shown there is no possibility of recovery by Plaintiffs against Texas Mutual. Nor has Great American shown that Plaintiffs joined Texas

---

[2] *See, e.g.*, *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 412 n.6 (S.D. Tex. 2009) ("Courts have taken judicial notice of official court records and proceedings in other state or federal court cases"); Fed. R. Evid. 201(b)(2) & (c)(2).

[3] *See Sanchez v. Great Am. Ins. Co.*, No. 5-18-cv-804-XR (W.D. Tex. removed Aug. 3, 2018), Dkt. No. 55 at 5-6 (citing Dkt. No. 53-13) ("Defendant's reply argues that Plaintiffs' voluminous evidence—produced over eight months since the Court abated the case—still does not show a final determination from Texas Mutual, instead showing that Texas Mutual maintains secured liens against both Plaintiffs, confirming that payment of UM/UIM benefits would go to Texas Mutual's benefit, in contravention of the Policy's exclusion of payments that would benefit workers' compensation insurance carriers").

[4] Dkt. No. 11 at 4.

Mutual solely for the purpose of defeating diversity jurisdiction. And, when evaluating Plaintiffs' motion to remand, all disputed questions of fact and all ambiguities in the controlling state law must be resolved in Plaintiffs' favor. *See Carriere v. Sears, Roebuck & Co*., 893 F.2d 98, 100 (5th Cir. 1990)

*Fraudulent Misjoinder*. Great American's argument that Plaintiffs' dispute with Texas Mutual doesn't arise from a common question of law or fact as their dispute with Great American such that Texas Mutual wasn't permissively joined in accordance with Rule 20 is also unavailing. Under the fraudulent misjoinder doctrine[5], failure to comply with Rule 20's joinder requirements can, "in limited circumstances, be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possible cause of action." *Cty. of Falls v. Purdue Pharma, LP*, No. 6:18-CV-47-RP-JCM, 2018 WL 1518849, at *4 (W.D. Tex. Mar. 28, 2018) (quotations omitted).[6]  There is no basis to invoke the doctrine here.

Plaintiffs' claims against both Great American and Texas Mutual concern the same set of damages Plaintiffs allegedly sustained as a result of the May 17, 2016 accident, as well as the

---

[5] The fraudulent misjoinder doctrine stems from the Eleventh Circuit's opinion in *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir. 2000). Although the Fifth Circuit has not explicitly adopted the fraudulent misjoinder doctrine, it has cited to it approvingly. *See In re Benjamin Moore & Co.* ("*Benjamin Moore I* "), 309 F.3d 296 (5th Cir. 2002); *In re Benjamin Moore & Co.* ("*Benjamin Moore II* "), 318 F.3d 626, 630 (5th Cir. 2002); *& Crockett v. R.J. Reynolds Tobacco Co*., 436 F.3d 529, 533 (5th Cir. 2006) (citing *Tapscott*). Accordingly, "most district courts within this circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, Tapscott." *Palermo v. Letourneau Techs., Inc*., 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (collecting cases). The Court will therefore assume, without deciding, that the fraudulent misjoinder doctrine applies in the Fifth Circuit for the purposes of evaluating Plaintiffs' Motion to Remand.

[6] District courts in this circuit are split regarding whether the propriety of joinder should be determined by state or federal law. *See Tex. Instruments Inc. v. Citigrp. Glob. Mkts., Inc*., 266 F.R.D. 143, 149 n.3 (N.D. Tex. 2010) (collecting authorities). But because Texas's joinder rule is identical to its federal counterpart, and Texas courts rely on federal case law to guide their interpretation of Texas Rule 40, this distinction is "largely academic." *Id.*

extent to which each Defendant is liable for these injuries under their respective policies. Moreover, the extent to which Plaintiffs have received or will receive workers' compensation from Texas Mutual appears to directly affect the amount of benefits Great American owes under the UM/UIM policy. *See Sanchez v. Great Am. Ins. Co.*, No. 5-18-cv-804-XR (W.D. Tex. removed Aug. 3, 2018), Dkt. No. 55 at 6-7. Because there are both common questions of fact here and Plaintiffs have asserted a common right to relief against both Great American and Texas Mutual in the alternative with respect to or arising out of the same transaction, Texas Mutual's joinder was permissible. *See* Fed. R. Civ. P. 20(a)(2)(A) & (B); *see also* Tex. R. Civ. P. 40.

Texas Mutual's joinder also appears to facilitate judicial economy. Specifically, once Texas Mutual's liability is clear, the parties can discern whether and to what extent Great American is liable to Plaintiffs for UM/UIM benefits. Moreover, because Great American requested and obtained dismissal of the prior action on the grounds that Texas Mutual's final determination bears on Great American's coverage decision, Great American can't meaningfully argue that Texas Mutual's joinder here implicates fairness concerns.[7]

Regardless, under the fraudulent misjoinder doctrine, "[m]ore than mere misjoinder is required." *Cty. of Falls*. 2018 WL 1518849, at *4 (quotations omitted). "[O]nly the "most egregious" instances of misjoinder rise to the level of fraudulent misjoinder: those in which the wholly distinct claims of, or against, the nondiverse parties are so lacking any real connection with the controversy that their joinder borders on a sham." *Id.* (quotations omitted). There is no basis on this record to conclude (indeed, Great American doesn't even meaningfully argue) that

---

[7] *See Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 521 (5th Cir. 2010) ("[E]ven if Rule 20's permissive joinder test is met, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay . . . ensuring judicial economy . . . or safeguarding principles of fundamental fairness")

this is one of the "small handful of the most extreme cases" where fraudulent misjoinder should apply. *Id.*

*Timeliness of Plaintiffs' Motion to Remand.* Finally, the fact that Plaintiffs filed their motion more than 30 days after Great American removed this action doesn't mean the Court must deny Plaintiffs' motion. Plaintiffs Motion to Remand raises a defect in subject matter jurisdiction, as opposed to a procedural defect. Accordingly, the timeliness of its filing is irrelevant. *See* 28 U.S.C. § 1447(c).

## Conclusion and Recommendation

For the reasons discussed above, the Court concludes that Great American hasn't met its heavy burden in sufficiently demonstrating that Defendant Texas Mutual has been improperly joined or fraudulently misjoined. Texas Mutual's citizenship is therefore properly considered in the jurisdictional analysis, and its status as a Texas citizen accordingly defeats complete diversity. Because subject matter jurisdiction is therefore lacking, the Court recommends that Plaintiffs' Motion to Remand, Dkt. No. 10, be **GRANTED** and this case be **REMANDED** to the 225th District Court, Bexar County, Texas.

Assuming the District Court adopts this Recommendation, Great American's Motion to Dismiss, Dkt. No. 9, should be **DISMISSED AS MOOT**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    SIGNED this 7th day of October, 2020.

    RICHARD B. FARRER
    UNITED STATES MAGISTRATE JUDGE